JOSEPH JONES ET AL. v. MISSOURI, KANSAS & TEXAS RAILWAY
COMPANY OF TEXAS.

Decided April 22, 1903.

**Carrier of Passengers—Injury by Passenger to Employe—Negligence Not Shown.**
Plaintiff's son, while working for defendant as a section hand, was killed by a shot fired from the window of a passing excursion train. The crowd on the train was hilarious, but not disorderly, and as soon as the conductor learned of the shooting he made every reasonable effort to discover the offender. Held, that negligence on the part of the defendant company was not shown.

Error from the District Court of Marion. Tried below before Hon. J. M. Talbot.

*Geo. T. Todd,* for plaintiffs in error.

*L. S. Schluter,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—Joseph Jones, for himself and his wife, Mary, brought this suit against the defendant in error to recover $2000 damages for the death of their son Urias, alleged to have been caused by the negligence of the Sherman, Shreveport & Southern Railway Company, for the consequences of which it is alleged defendant in error, by reason of its purchase of and consolidation with said railway company, became liable.

It is alleged, as the grounds of negligence, that on the 20th day of December, 1900, a passenger train of the Sherman, Shreveport & Southern Railway Company was filled with armed, lawless and boisterous men who wantonly and recklessly discharged loaded arms on its trip from Granville to Jefferson, Texas; that the railroad failed to discharge its duty to preserve peace and order and to protect the lives of its employes

who were on its right of way near the track of the company, and prevent wanton and reckless firing of deadly weapons from its trains; that when said train reached a point opposite where plaintiff's son Urias was at work with a section gang, some person thereon, either a passenger or employe, aimed and fired a gun or revolver at the section crew, and thereby instantly killed Urias.

The defendant, after filing general and special exceptions to the petition, answered by a plea of not guilty; and plead specially that if deceased was shot by a passenger on its train, it was done so suddenly and without notice or warning to defendant that it could not have prevented the shooting; that none of its employes was present at the time and shot was fired, and it could not know the same would be fired, and therefore is not liable for the injury.

Upon hearing the evidence the court peremptorily instructed a verdict for the defendant. It is from a judgment rendered in favor of defendant upon the verdict returned in obedience to such instruction this appeal is prosecuted.

The undisputed evidence shows that Urias Jones, plaintiff's son, was in defendant's employment, working as a section hand on the line of its road between Jefferson, in Marion County, and Waskom, in Harrison County, on the 20th of December, 1900; that at said date defendant was running an excursion train for passengers over its road, upon which were many people going to the old States on a holiday excursion; and that as the train passed along where Urias was at work some one fired a pistol shot from the train which struck and killed him. As soon as the conductor in charge of the train heard of it, he made inquiry and did all he could to ascertain who fired the shot; and being unable to do so, he stopped the train at Waskom, the first station it reached afterwards, and had officers of the law to investigate the matter and endeavor to find out and apprehend the guilty party, but without avail. He had the same kind of search made on the train at Shreveport, with like result.

There was evidence that a shot was fired from or near the train close to Pittsburg, Texas. Immediately after it was heard, the conductor made investigation and inquiry in regard to it, but failed to find that it was fired by anyone on the train.

The evidence shows that there were a great many people on board the train, all laughing and talking and hilarious, but nothing disorderly. There was nothing in the manner or conduct of anyone on the train that would give defendant's servants in charge reason to apprehend such a deed of violence as caused the death of plaintiff's son.

Under the undisputed facts the trial court could not, in the discharge of its duty, have done otherwise than instruct the jury to return a verdict for the defendant. Therefore the judgment is affirmed.

*Affirmed.*