W. H. MAY v. W. M. HOLLINGSWORTH ET AL.

Decided April 30, 1904.

**1.—School Land—Collusion in Purchase—Substituted Purchaser.**

A tract of school land was awarded by the Land Commissioner to N. upon his application to purchase it as an actual settler. N. transferred the land to H., who became an actual settler thereon, and was accepted as substitute purchaser by the Commissioner. Held, that H. was entitled to protection equally as N. would have been against an assault upon the title by a third party, a subsequent applicant, made on the ground that the original purchase was collusive,—a question which, after award of the land, can be raised only by the State. This conclusion would follow, it seems, even though the circumstances attending the transfer from N. to H. had the effect of a forfeiture for nonoccupancy.

**2.—Same—Definition of "Actual Settler."**

A charge defining an actual settler on school land as "one who actually occupies and settles upon the land intending to make it his home," is not subject to serious objection.

Appeal from the District Court of Lubbock. Tried below before Hon. J. M. Morgan.

*C. R. Kinchen* and *James & Yeiser,* for appellant.

*Beatty & McGee, Kinder & Dalton,* and *Wm. J. Berne,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—In response to each of the following special issues the jury returned an affirmative answer, on which and the indisputable facts judgment was rendered denying the recovery sought by appellant of four sections of school land: "First special issue: Was the plaintiff W. H. May an actual settler in good faith on section No. 28 claimed as his home section on December 10, 1901, the date on which his applications to purchase the lands in controversy were filed in the office of the county clerk of Lubbock County? Second special issue: Was the defendant W. A. Nuckles an actual settler in good faith on the land claimed by him as his home section on the 29th day of April, 1899, the date on which his applications to purchase the land in controversy were filed in the General Land Office, and did he at the time in good faith believe that his settlement, if made, was actually made on section No. 28 claimed by him as his home section? Third special issue: Was the defendant W. M. Hollingsworth an actual settler in good faith on the land claimed by him as his home section on the 26th day of November, 1900, the date on which his substitute applications to purchase the lands in controversy were filed in the General Land Office, and did he at the time in good faith believe that his settlement, if made, was actually made on section No. 28 claimed by him as his home section?"

The evidence warranted these findings, and was such on other issues as to warrant us in ascribing to the court a finding of every fact necessary to support the judgment. Owing to the uncertainty then prevailing as to the true boundaries of section 28, Nuckles, to whom the land

was awarded, and Hollingsworth, who took his place both on the land and in the Land Office, seem to have settled on the wrong section.

Few, if any, of the questions of law involved in the appeal, in view of previous decisions in school land cases, remain open to discussion. Unless the circumstances attending the transfer from Nuckles to Hollingsworth had the effect of a forfeiture for nonoccupancy, as provided in the Acts of 1901, page 292, the award to Nuckles in 1899, which took the land off the market, of itself was sufficient to keep it from being subject to appellant's subsequent application, the award having never been canceled. It is contended, however, that the sale to Hollingsworth was pretended and collusive for the sole purpose of having Hollingsworth hold the land for Nuckles, and appellant sought in vain to have this issue submitted to the jury. But since the statute authorized the Commissioner to accept Hollingsworth in lieu of Nuckles as a purchaser from the State, and since he did so accept him, he being, as found by the jury, an actual settler, this substitution gave him all the protection from the assaults of a subsequent applicant, such as appellant, that the award to Nuckles gave him, thus bringing the case within the ruling made in Logan v. Currie, 95 Texas, 670, in which it was .held that after an award only the State could raise the issue of collusion.

We find no serious objection to the charge defining an actual settler to be "one who actually occupies and settles upon land intending to make it his home." It was certainly less objectionable than any of the definitions offered in the special charges requested by appellant.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.