**Norma Jean BRADLEY, Appellant,**

v.

**George BRADLEY et al., Appellees.**

No. 17740.

Court of Civil Appeals of Texas, Fort Worth.

July 23, 1976.

Rehearing Denied Sept. 10, 1976.

Patrick A. Myers, Jacksboro, for appellant.

Stark & Barnhart, Inc., and Richard S. Stark, Gainesville, for appellees.

## OPINION

BREWSTER, Justice.

This suit was originally instituted by Norma Jean Bradley against her former husband, George Bradley, and the Veterans' Land Board, seeking a judgment decreeing her to be the owner of a ½ interest in the 169 acre Cooke County farm that is here involved. She also sought a judgment partitioning the farm among its joint owners. The suit was filed on September 13, 1972. In October, 1972, H. E. Bradley and wife, Rowena, the mother and father of George Bradley, intervened alleging that they had made all payments of the purchase price for the farm and that they were the owners of it. H. E. Bradley died on March 31, 1974, and the case proceeded to trial with the plaintiff being Norma Jean Bradley and the two defendants being George Bradley and his mother, Rowena Bradley.

A jury trial was had and the trial court granted the defendants' motion to disregard the jury's answers to certain issues and also granted defendants' motion for

judgment non obstante veredicto and rendered judgment decreeing that the plaintiff, Norma Jean Bradley, take nothing by her suit and that the defendants, Rowena Bradley and George Bradley, each be decreed to be the owners of a ½ undivided interest in the farm.

This appeal is brought by the plaintiff, Norma Jean Bradley, from that decree.

We reverse and render judgment decreeing that the plaintiff, Norma Jean Bradley, is the owner of a ½ interest in the remainder of the 169 acre Cooke County farm that is involved in this suit; that George Bradley is the owner of the other ½ interest in the remainder of said farm; and that Rowena Bradley owns a life estate for the balance of her lifetime in the entire 169 acre farm.

It was undisputed that in the year 1953 George Bradley, a 29 year old resident of Texas, a Veteran, while married to plaintiff, then age 20, entered into a contract of sale and purchase with the Texas Veterans' Land Board for the purchase of 169 acres of land in Cooke County, Texas. Four hundred ($400.00) dollars of the five thousand ($5,000.00) dollar sale price was paid down in cash. By the aforementioned contract George Bradley obligated himself to pay to the Land Board an additional sum of four thousand six hundred ($4,600.00) dollars over a period of forty years with interest thereon at the rate of 3% per annum.

During the trial the plaintiff and the two defendants testified. Their testimony was substantially the same to the effect that: H. E. Bradley had had a nervous breakdown; he and his wife, Rowena, desired to move on to a farm and live there; they were not able to finance the ordinary purchase of a farm; their son, George Bradley, because of being a U. S. Army war veteran from Texas was eligible for a loan from the Texas Veterans' Land Board with which to finance a farm under Art. 5421m, V.A.T.S.; George Bradley was a young preacher and was himself not able to finance the purchase of a farm or to make payments on one; H. E. Bradley and Rowena Bradley orally agreed with George Bradley and his wife, Norma Jean Bradley, prior to the purchase of the farm in question, that George Bradley would use his eligibility for a loan from the Veteran' Land Board for the purpose of financing the purchase of the farm and would give the parents the full use, occupancy and possession of the farm during their lifetimes plus the right to all of the income from the farm during their lifetimes, and in return therefor the parents agreed that they would make the down payment on the purchase of the farm and that they would make the installment payments that later fell due on the contract of purchase, would pay the taxes on the farm and would pay for such improvements as they desired to make on the farm during the time they had possession of it. They agreed that after the parents both died, George Bradley was to get possession of the farm. Norma Jean Bradley knew of and approved the agreement.

Pursuant to the agreement George Bradley did use his eligibility for a loan under Art. 5421m, V.A.T.S., to finance the purchase of the farm involved and H. E. and Rowena Bradley made the down payment of $400.00 on the farm and immediately after the closing they went into possession of the premises. They have since possessed and occupied the property, made all payments to the Land Board (paying the entire loan off), rendered and paid all ad valorem taxes and paid all insurance premiums, and have made and paid for valuable improvements on the farm. Under the agreement of the parties the parents could make all the improvements they desired to make on the property as long as they paid for them. The contract with the Veterans' Land Board for the purchase of the farm has at all times been in the name of George Bradley.

On the 31st day of March, 1967, plaintiff obtained an interlocutory judgment of divorce from George Bradley in the Superior Court of the State of California in and for Humbolt County. Norma Jean Bradley was awarded custody of their six minor children. The personal property of the parties was divided, but no formal agreement

nor disposition was made by the parties or by the court concerning the 169 acre farm. After the divorce George Bradley's parents continued to occupy and possess the farm property and continued to make all payments thereon. The divorce became final on April 1, 1968.

George Bradley and Norma Jean Bradley, after the divorce, discussed the farm. Norma Jean was unable to get George to put any part of the farm into her name, so in 1972 she obtained a lawyer and filed this suit. There was then nothing of record to show her to be owner of an interest in the land.

Plaintiff instituted this suit in September, 1972, against George Bradley and the Veterans' Land Board. In October, 1972, the Bradleys (the parents) intervened in the suit claiming under a resulting trust. Shortly thereafter H. E. and Rowena Bradley paid the balance of the Land Board debt and the Land Board conveyed the record title of the farm to George Bradley, subject to this suit which was then pending. Immediately thereafter George Bradley deeded the record title to his parents. At about the same time H. E. Bradley executed a will devising all of his interest in the property to George Bradley, one of his six children. H. E. Bradley died on the 31st day of March, 1974, and his will was duly admitted to probate without contest. The Veterans' Land Board was dropped from the case and so was H. E. Bradley after he died. By trial time Norma Jean Bradley was plaintiff and George and Rowena Bradley (his mother) were the only defendants.

Jury findings were as hereafter set out.

Issues Nos. 1, 1(a) through 1(h): H. E. and Rowena Bradley and George Bradley agreed that since H. E. and Rowena Bradley did not have the cash resources to finance the purchase of a farm that George Bradley would finance the purchase of the 169 acre farm involved by using his eligibility to make such a purchase under the Veterans' Land Board Act (Art. 5421m, V.A.C.S.).

Issues Nos. 1, 1(a) through 1(h): The parties agreed to acquire the farm for use as a retirement home for H. E. and Rowena Bradley throughout the balance of their lifetimes and that after their deaths George Bradley would have the farm as his retirement home. A part of the agreement was that H. E. and Rowena Bradley would make the down payment and all subsequent installment payments to the Veterans' Land Board on the purchase of the farm. The parties further agreed that all income derived from the farm during their lifetimes would belong to H. E. and Rowena Bradley. George Bradley was not in a financial position to make any of the farm payments himself.

Issue No. 2 and its subdivisions: Prior to the time the farm was actually purchased in October, 1953, the plaintiff, Norma Jean Bradley, who was then the wife of George Bradley, had knowledge of and concurred in the entire agreement.

Issue No. 11: The down payment on the farm made to the Veterans' Land Board by H. E. and Rowena Bradley was not intended by them to be a gift to their son, George Bradley, or to Norma Jean Bradley.

Issue No. 12: The installment payments made by H. E. and Rowena Bradley to the Veterans' Land Board were not intended by them to be gifts to George Bradley.

Issues Nos. 14, 15, 16, 16A: H. E. and Rowena Bradley relied on the agreement between the parties and with George Bradley. They also relied on Norma Jean Bradley's concurrence in the agreement and by virtue of such reliance they made the payments on the farm, paid the taxes thereon and made improvements on the farm.

Issues Nos. 17, 18: Norma Jean Bradley did not waive her right to an interest in the farm by failing to assert her claim to it in the divorce case. She did not waive her claim to an interest in the farm by failing to pay her proportionate part of the payments due the Veterans' Land Board that fell due after the divorce decree.

Issue No. 19: Norma Jean Bradley did not delay for an unreasonable length of time in asserting a claim to the property.

Issue No. 22: Norma Jean Bradley would not be unjustly enriched by recovering a ½ interest in the farm under the facts of this case.

Issue No. 23: H. E. and Rowena Bradley held continuous and peaceable adverse possession of the farm for more than 10 years before the suit was filed.

Issue No. 24: The farm was not fully enclosed by H. E. and Rowena Bradley.

Issue No. 25: H. E. and Rowena Bradley constructed improvements on the farm from its purchase to now.

Issues Nos. 26, 27: The improvements have enhanced the value of the farm by $9,000.00.

Issue No. 28: George Bradley did not give his interest in the farm back to H. E. and Rowena Bradley.

Issue No. 30: George Bradley and Norma Jean Bradley did not agree before the Veterans' Land Board contract was entered into to convey the farm to H. E. and Rowena Bradley on them performing George Bradley's obligations under the Veterans' Land Board contract.

Issue No. 31: H. E. and Rowena Bradley occupied the farm as implied lessees from 1953 until January 23, 1972.

Issue No. 32: The average monthly rental value of the farm house from 1953 to 1972 was $20.00.

Issue No. 33: The average monthly rental value of the farm from 1972 through 1975 was $36.66.

Issue No. 34: H. E. and Rowena Bradley collected $1,875.00 from grass leases on the farm from 1953 to 1972.

Issue No. 35: They collected $1,400.13 from oil and gas leases from 1953 to 1973.

Issue No. 36: They collected $175.00 from pecan harvest.

Issue No. 37: The farm is susceptible of being partitioned in kind.

After the jury returned its verdict as indicated above, the defendants moved that the court disregard the jury answers to issues Nos. 11 and 12, wherein the jury found that H. E. and Rowena Bradley did not intend the $400.00 down payment and the later semi-annual installments they paid on the purchase price of the farm to be gifts to their son, George Bradley. Defendants also asked the Court to disregard the jury's answers to Issue No. 24 where they answered "No" to that issue inquiring whether H. E. and Rowena Bradley fully enclosed the farm. Defendants also moved to disregard the jury's answer of "No" to issue No. 30 inquiring whether George and Norma Jean Bradley agreed prior to the time George signed the Veterans' Land Board contract to deed the 169 acre farm to H. E. and Rowena Bradley conditioned on their performing all of George Bradley's obligations under that contract. They also moved to disregard the jury's answer of "Yes" to Issue No. 31 inquiring whether H. E. and Rowena Bradley occupied the farm as implied lessees from 1953 to January 23, 1972.

In addition to that motion the defendants, after the jury verdict was returned, filed a motion for judgment non obstante verdicto. That motion was based on eight separate grounds, they being: (1) that it was undisputed that George and Norma Jean Bradley gave the equity of redemption to H. E. and Rowena Bradley as long as they lived, and when George Bradley deeded the farm to them per the agreement it was theirs and the one-half interest he has now was obtained by inheritance from his father and is now George's separate property; (2) pursuant to the agreement H. E. and Rowena Bradley were put in possession and relying on the promises of George and Norma Jean Bradley proceeded to pay for the property, pay the taxes and insurance, and to make valuable improvements and by reason thereof Norma Jean is estopped to claim any part of the land; (3) plaintiff's action is barred by the four year limitation statute; (4) she waived her right to claim any part of the land by not making any part of the payments on it after the divorce; (5) plaintiff's claim is barred by laches; (6) plaintiff cannot recover because if she did she would be unjustly enriched; (7) the undisputed evidence is that the

down payment and later payments on the purchase price was a gift from H. E. Bradley and wife to their son, George Bradley, and the land was therefore his separate property; (8) plaintiff is not entitled to a partition because she admits that under the agreement of the parties Rowena is entitled to retain possession of the property for her lifetime.

The order entered by the trial court decreed that it *in all things* sustained defendants' motion to disregard jury findings and in all things sustained their motion for judgment non obstante veredicto.

■ Because the trial court by wording its order as it did sustained each of the grounds in the two motions referred to the plaintiff on this appeal must show, in order to get relief, that the trial court was not authorized to render the judgment that he did render based on any of the grounds set out in the motions. *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.Sup., 1964); *Hudson v. Buddie's Super Markets, Inc.*, 488 S.W.2d 143 (Tex.Civ.App., Fort Worth, 1972, no writ hist.), and *LeJeune v. Gulf States Utilities Company*, 410 S.W.2d 44 (Tex.Civ.App., Beaumont, 1966, ref., n. r. e.). The plaintiff in her brief has undertaken to show that the judgment appealed from could not be properly granted on any of the grounds urged in the two motions.

We are convinced that the trial court erred in rendering the judgment that it did render in this case.

If the agreement of the parties as found by the jury verdict, and, actually, as was established by the undisputed evidence in the case had been in writing a part of the problems involved here would have been removed.

Under the agreement of the parties as is established by both the verdict and the undisputed evidence, upon the purchase of the farm involved, H. E. and Rowena Bradley were to have a life estate in the farm to last for the balance of their lives. The remainder in the farm was to be owned by George Bradley and he would have no right to possession of the property until both of his parents had died.

■ This agreement was supported by consideration. George Bradley, by virtue of his being a U. S. Army veteran from Texas, was eligible under Art. 5421m to get a loan from the Veterans' Land Board with which to purchase the farm. None of the parties were financially able to finance the purchase of the farm in the absence of such a loan. None of the other parties to the agreement were eligible for such a loan. In consideration of George Bradley using his eligibility for this loan and signing the contract putting the community estate of him and his wife in debt to the Veterans' Land Board for the unpaid balance of the $5,000.00 purchase price (that is $4,600.00) and in further consideration of George Bradley giving his parents a life estate for the balance of their lives in said property, said parents, H. E. and Rowena Bradley, agreed that they would make the down payment on the farm, that they would pay all later installments on the purchase price, and that they would pay the taxes, the insurance and for all improvements that they placed on the property.

All parties to the agreement sustained benefits from it and they also all sustained detriments in that they each parted with something. The agreement was therefore supported by consideration. 13 Tex.Jur.2d 178, Contracts, Sec. 46.

Contention is made that the agreement is unenforceable because it is oral and therefore in violation of the Statute of Frauds (Art. 3995, V.A.T.S.).

■ We hold that the agreement is not in violation of Art. 3995, Subd. 4, V.A.T.S., which provides in substance that "any contract for the sale of real estate or the lease thereof for a longer term than one year" must be in writing. The reason for our holding is that the provision referred to does not apply to a contract between two or more parties, such as the one involved here, to acquire jointly realty from a third person. *Reid v. Howard*, 71 Tex. 204, 9 S.W. 109 (1888) and *McDonald v. Sanders*, 207 S.W.2d 155 (Tex.Civ.App., Texarkana, 1947, ref., n. r. e.).

■ The Texas Trust Act (Art. 7425b, V.A.T.S.) is not involved here because it has not been pleaded affirmatively as a defense by any party as is required by Rule 94, T.R.C.P.

■ We also hold that even if the parol agreement of the parties relating to the purchase of the farm was in violation of Art. 3995, V.A.T.S. (Statute of Frauds) such agreement is still enforceable under the holdings of cases such as *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921). That case and many others hold that a parol sale of land will be relieved from the operation of the statute of frauds when the following three things are present: (1) payment of the consideration; (2) taking of possession by the vendee; and (3) the making of valuable and permanent improvements on the land by the vendee. For other such cases see 26 Tex.Jur.2d 272, Frauds, Statute of, Sec. 107.

The undisputed evidence in the case shows that on the closing of the land transaction H. E. and Rowena Bradley immediately went into complete possession of the farm and have had it since 1953; they paid the entire purchase price of the land to Veterans' Land Board; and they have constructed permanent and valuable improvements on the land which enhanced the value of the land $9,000.00. H. E. Bradley and wife did all this with the consent of George and Norma Jean Bradley and in reliance on their promises made in connection with the agreement to acquire the land.

Plaintiff's first point of error is that the court erred in not rendering judgment for plaintiff when the jury found that the $400.00 down payment was not a gift to George Bradley because the property was purchased during plaintiff's marriage to George and the consideration they furnished was community property.

Her second point of error is that the trial court erred in rendering judgment non obstante veredicto because the evidence showed as a matter of law that the $400.00 down payment was not a gift from his parents to George Bradley alone.

The third point of error is that the trial court erred in granting defendants' motion to disregard the jury's answer to Issue No. 11 finding that such down payment was not intended by the parents as a gift to George Bradley.

We sustain those three points of error. The undisputed evidence in the case shows that H. E. and Rowena Bradley made that $400.00 down payment as a part of the consideration they agreed to furnish in connection with the contract for the joint acquisition of the land. It was therefore not a gift, as a matter of law.

■ A "gift" is a voluntary transfer of property to another made gratuitously and without consideration. See *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565 (1961) and for other such cases see 27 Tex.Jur.2d 147, Gifts, Sec. 1.

■ In this case the undisputed evidence showed that the $400.00 down payment was not furnished to George Bradley gratuitously, but was furnished to him in consideration of his promise to do certain things above referred to in connection with the acquisition of the farm.

In addition to that the jury found that the down payment was not intended by the parents as a gift to George Bradley. There was certainly sufficient evidence to support the finding.

The trial court could disregard the jury's answer to Issue No. 11 only if there was no evidence to support the finding and could render a judgment non obstante veredicto only in an instance where a directed verdict would have been proper. See on this Rule 301, T.R.C.P.

In this instance the trial court erred in disregarding the jury's answer to Issue No. 11. The undisputed evidence in the case supported the jury's answer thereto because it showed that there was a consideration given by George and Norma Jean Bradley to H. E. and Rowena Bradley for their furnishing the down payment.

It also follows that it was error for the trial court to render the judgment non obstante veredicto for defendants based on

the grounds that the down payment was a gift to George Bradley because a directed verdict for defendants on that ground would not have been proper. That is true for the reason that the jury found that the down payment was not a gift and because the undisputed evidence in the case also shows that it was not a gift.

We hold that the remainder interest in the farm involved that was acquired in the farm purchase transaction by George Bradley was the community property of the marriage between him and Norma Jean Bradley, the plaintiff.

The status of property as being either separate or community is determined at the very time of its acquisition and such status is fixed by the facts of its acquisition at the time thereof. *Smith v. Buss,* 135 Tex. 566, 144 S.W.2d 529 (1940) and *Hilley v. Hilley, supra.*

This farm was purchased in 1953 while George and Norma Jean Bradley were married. The total purchase price was $5,000.00. The credit of the community estate of that marriage was extended to pay for $4,600.00 of the purchase price when George Bradley signed the contract of purchase with the Veterans' Land Board wherein he agreed to pay the Board $4,600.00 in semi-annual installments over a 40 year period and to pay 3% per annum interest for the use of the money. The remaining $400.00 down payment on the purchase price was paid by George's parents as a part of the consideration for the business deal that they had made with George and Norma Jean Bradley. Whatever benefit George and Norma Jean Bradley derived under the agreement from the payment of the $400.00 down payment by H. E. and Rowena Bradley was also community property.

Under those facts the entire remainder interest acquired by George Bradley in the farm in question is community property. *Riley v. Brown,* 452 S.W.2d 548 (Tex.Civ. App., Tyler, 1970, no writ hist.) and *Hilley v. Hilley, supra.*

Property acquired on the credit of the community is community property. Where a community obligation for the purchase of land is given to purchase such land and its status thereby fixed as community property, its status is not later changed into separate property by the fact that the community debt is later paid with separate funds. *Gleich v. Bongio,* 128 Tex. 606, 99 S.W.2d 881 (Tex.Com.App., 1937, op. adopted). So even if it could be said that the installment payments made on the farm by H. E. and Rowena Bradley in payment of the community debt owed thereon were the separate property of George Bradley by virtue of being a gift to him, this would not change the status of the community interest that George Bradley and Norma Jean Bradley owned in the farm into his separate property.

The California court had no power to divide the remainder interest that George and Norma Jean Bradley owned in the Texas farm at the time the divorce was granted. *Turner v. Turner,* 204 S.W. 133 (Tex.Civ.App., 1918, error dism.). And since those parties were divorced finally by the California Court in 1968 without the court dividing the community interest that they owned in the Texas farm in question, George Bradley and Norma Jean Bradley on being divorced became tenants in common or joint owners of that remainder interest therein just as if they had never been married. Each then owned a ½ interest in the remainder in the farm. *Taylor v. Catalon,* 140 Tex. 38, 166 S.W.2d 102 (1942) and *Kirkwood v. Domnan,* 80 Tex. 645, 16 S.W. 428 (1891).

In 1973 George Bradley executed a deed that purported to convey this farm to H. E. and Rowena Bradley. Since George Bradley was at that time a cotenant or joint owner of the remainder interest in the farm with his ex-wife, Norma Jean Bradley, his deed conveyed only his ½ interest in the remainder in the farm to his parents. This is true because a cotenant is neither a partner nor an agent of his cotenant. He could not convey by his deed any part of his cotenant's interest in the land.

*Heller v. Heller,* 114 Tex. 401, 269 S.W. 771 (Tex.Com.App., 1925, op. adopted) and 15 Tex.Jur.2d 170, Cotenancy, Sec. 13. The following is from 15 Tex.Jur.2d 197, Cotenancy, Sec. 32: "A third party receiving a grant from a cotenant takes such interest in the common property as his grantor possessed and his rights are identical with those of his grantor."

Here George Bradley, after being divorced from the plaintiff, Norma Jean Bradley, purported to deed to his parents (H. E. and Rowena Bradley) all of their community interest in the farm. Such interest was at that time recorded in the name of George Bradley only. At the time of the conveyance the grantees knew all of the facts and had full knowledge that Norma Jean Bradley was claiming to be the owner of a one-half interest in the farm. Under those circumstances the grantees will not be protected, in so far as their acquisition of title is concerned, from the claims of the wife to the property because the grantees are not bona fide purchasers of the property for value and had notice of the wife's interest therein. *Buckalew v. Butcher-Arther, Inc.,* 214 S.W.2d 184 (Tex. Civ.App., Beaumont, 1948, ref., n. r. e.); and 30 Tex.Jur.2d 205, Husband and Wife, § 120.

We hold that under the facts of this case George Bradley's deed just referred to did not convey any part of Norma Jean Bradley's interest in the property to his father. It was effective to convey only George Bradley's one-half interest in the remainder in the farm to H. E. Bradley.

We have carefully considered the grounds urged in defendant's motion for judgment non obstante veredicto. The trial court's decree was to the effect that he sustained the motion on each of the grounds urged therein. We are in agreement with the plaintiff and hold that the trial court erred in sustaining such motion on the following grounds: (1) that plaintiff waived her right to claim her interest in the land by not making any payments on the land after getting her divorce; (2) her claim is barred by the four year limitation statute; (3) her claim is barred by laches; and (4) she cannot be allowed to recover her interest because it would unjustly enrich her.

It is so apparent to us that defendants were not entitled to a judgment non obstante veredicto on any of those grounds that we will not burden this opinion with a discussion of them.

We have already discussed the question of whether or not the down payment and installment payments made by H. E. and Rowena Bradley on the purchase price were a gift to their son, George Bradley, thus causing the farm to be his separate property. The jury verdict and, we believe, the undisputed evidence established that these payments were not gifts to George Bradley. It was therefore error for the trial court to render judgment non obstante veredicto for defendants on the ground that such payments were gifts to George Bradley, thus rendering the farm his separate property.

One ground of the motion for judgment non obstante veredicto was that H. E. and Rowena Bradley were put in possession of the farm pursuant to the agreement of the parties, relying on the promises of George and Norma Jean Bradley made in connection therewith, and proceeded to pay for the property, to pay the taxes and insurance and to make valuable improvements. Defendants contended that under the doctrine of the *Hooks v. Bridgewater,* supra, case the defendants were therefore entitled to recover the fee simple title to the entire farm. The trial court granted the motion for judgment non obstante veredicto on that ground also and rendered a take nothing judgment against plaintiff and decreed that defendants be awarded the entire title to the farm on that ground. We hold that the trial court erred in rendering judgment non obstante veredicto for defendants and against the plaintiff to the extent that he did on this particular ground. We have heretofore pointed out that we are convinced that the oral contract involved here was not in violation of the statute of frauds because it was an agreement between two or more persons to acquire realty jointly from a third person. However, if we are

wrong in that conclusion, we, as indicated above, hold that the contract in question is enforceable under the *Hooks v. Bridgewater* doctrine, supra. When the agreement of the parties is enforced its effect is not to put the complete title to the property in defendants as was held by the trial court. The plaintiff, when that doctrine is applied, under the agreement of the parties as is hereinabove indicated, is entitled to recover a one-half interest in the remainder of the property and the defendant, Rowena Bradley, is entitled to a life estate in the entire farm and George Bradley is entitled to recover the remaining ½ interest in the remainder of the property.

We also hold that the trial court erred in sustaining the judgment non obstante veredicto on the ground that George and Norma Jean Bradley gave the equity of redemption in the farm to H. E. and Rowena Bradley for as long as they lived. A motion for instructed verdict on that ground would not have been proper.

Plaintiff's 9th, 10th, 11th, 12th, and 13th points of error are directed to the adverse possession question.

Issue No. 23 in the charge inquired whether H. E. and Rowena Bradley have had and held continuous, exclusive, peaceable and adverse possession of the farm for a period of ten years prior to the filing of the suit. The jury's answer was "Yes." Plaintiff's 14th point of error is that the trial court erred in not granting plaintiff's motion to disregard the jury's answer to that issue. She also contended in her points Nos. 9, 10 and 11 that the trial court erred in overruling objections to the submission of the issue No. 23 on the grounds that there were no pleadings to support its submission and that there was no evidence and insufficient evidence to support its submission.

We sustain all of those points of error.

Rule 94, T.R.C.P., requires that all affirmative defenses be pleaded. The Statute of Limitations is an affirmative defense and it is so stated in that rule.

Neither defendant in this case pleaded the 10 year statute of limitations. The trial court submitted Issue No. 23 in its charge anyway. The plaintiff objected to the submission of the issue on the grounds that the 10 year limitation statute had not been pleaded as a defense, but the trial court overruled the objection. This was error. See Rule 94, T.R.C.P.

We also hold that there is no evidence and insufficient evidence to support the submission of the Issue No. 23 and that as a matter of law the undisputed evidence showed that H. E. and Rowena Bradley did not possess the farm adversely to the plaintiff for a continuous period of more than 10 years.

H. E. and Rowena Bradley entered into possession of the farm with the permission and consent of George and Norma Jean Bradley. They took possession under the terms of the original agreement which was to the effect that they would have a right to the possession of the farm during their lifetimes. Rowena Bradley testified that she never claimed title adversely to the Veterans' Land Board and that she never did claim title to the land adversely to George Bradley because it was all a part of the agreement. She said that her occupancy under the original agreement continued until the time of the trial which started on March 17, 1975. George and Norma Jean Bradley were not finally divorced until 1968. This suit was filed in 1972.

The following is from *Killough v. Hinds*, 161 Tex. 178, 338 S.W.2d 707 (1960): "When A enters upon the land in recognition of the title of B, in order for A to prevail under the 10-year statute of limitations three things must be established, (1) there must be a repudiation of the relationship thus established and claim of title adversely to that of B; (2) this repudiation and adverse claim must be clearly brought home to B as limitation will only begin to run from that date; (3) there must be adverse possession for 10 years after notice of repudiation and adverse claim has been brought home to B."

Prior to the divorce in 1968 the parents had never claimed adversely to

George and Norma Jean Bradley. It is undisputed that H. E. and Rowena Bradley did not possess the farm adversely to George and Norma Jean Bradley for a 10 year period after a time that they had repudiated the relationship created by the agreement under which they went into possession.

■ When the parents recognized George Bradley's rights in the property they also recognized the rights of his wife in that community property because their rights therein are identical. This is true even though the title stood only in the husband's name. *Burnham v. Hardy Oil Co.,* 108 Tex. 555, 195 S.W. 1139 (1917).

There is another reason why the 10 year limitation statute had not, as a matter of law, run against plaintiff in this case. Under her own testimony the effect of the agreement between these parties was to establish in Rowena Bradley and her husband, H. E. Bradley, life estates in the farm, with the remainder therein belonging to George and Norma Jean Bradley.

■ A life estate in land is separate and distinct from the estate in remainder. Therefore, the possession of the life tenants was not adverse to the persons holding title as remaindermen. The latter had no immediate right to possession of the property. *Nussbaum v. Nussbaum,* 292 S.W. 189 (Tex. Com.App., 1927).

In plaintiff's 21st point of error she contends that the trial court erred in disregarding the jury's "yes" answer to issue No. 31 inquiring whether H. E. and Rowena Bradley occupied the farm as implied lessees during the period from 1953 to 1972.

We overrule that point because the undisputed evidence shows that under the agreement of the parties H. E. and Rowena Bradley were life tenants and that they were therefore not lessees. There was no landlord-tenant relationship involved.

Another contention made by plaintiff is that the agreement of the parties is an illegal agreement because it is in violation of Art. 5421m, V.A.T.S. (the Veterans' Land Act). She contends that the contract is illegal and that Rowena Bradley therefore cannot enforce the possessory interest that she was to have in the farm under the agreement of the parties. We overrule that contention.

At the time of the trial the contract between George Bradley and the Veterans' Land Board had been fully performed. All of the principal and interest owed under the contract had been fully paid, and the Veterans' Land Board, with knowledge of all the facts, did execute its deed conveying the record title of the farm to George Bradley, subject to this lawsuit, which was then pending.

A number of cases have held that an adverse claimant cannot assail the title of a purchaser of school lands on the ground that in making his purchase he acted in collusion with some other person. That question can only be raised by the State. See *Jones v. Missouri, K. & T. Ry. Co. of Texas,* 32 Tex.Civ.App. 286, 73 S.W. 1090 (1903, no writ hist.); *May v. Hollingsworth,* 35 Tex.Civ.App. 665, 80 S.W. 841 (1904, writ ref.); *Weatherly v. Jackson,* 123 Tex. 213, 71 S.W.2d 259 (Tex.Com.App., 1934), and *Frontroy v. Atkinson,* 45 Tex.Civ.App. 324, 100 S.W. 1023 (1907, no writ hist.).

■ On authority of those cases we hold that plaintiff is in no position to contend that the executed contract is illegal. Only the State through the Veterans' Land Board could do that and they have not seen fit to attack the transaction.

■ The trial court correctly refused to partition the farm at this time. Under our analysis of the case the only person that has the present right to the possession of the farm is the defendant, Rowena Bradley. This is by virtue of the fact that she owns a life estate in the farm for the balance of her lifetime.

The plaintiff, Norma Jean Bradley, only owns a ½ interest in the remainder of the farm. She has no right of possession to any of the farm property until the life estate in the property owned by Rowena Bradley

ends at her death. When Rowena Bradley dies the property can then be partitioned among its then joint owners. On this see 44 Tex.Jur.2d 262–263, Partition, Sec. 16.

H. E. Bradley, whom we held to be a life tenant in the farm, died pending the trial on March 31, 1974. His wife, Rowena Bradley, whom we also hold has a life estate in the property for the balance of her lifetime, is now over 77 years old.

We have considered all points and counter-points urged by both parties. Those that are not herein expressly acted on that would lead to a result different than that herein above indicated are overruled. We hold that the trial court was not authorized to render the judgment non obstante veredicto that he did render on any of the grounds urged therein.

It is the duty of this Court to render the judgment that the trial court should have rendered. Rule 434, T.R.C.P.

We reverse the trial court's judgment and render judgment decreeing that Rowena Bradley has a life estate (for the balance of her life) in the entire 169 acre Cooke County farm that is involved in this suit; we also render judgment decreeing that the plaintiff, Norma Jean Bradley, have and recover from defendants the title to a ½ interest in the remainder in said farm and that the defendant, George Bradley, be and is hereby decreed to be the owner of the remaining ½ interest in the remainder in said farm.

Costs both in this Court and in the court below are taxed against the defendants.