VAN et al. v. WEBB.

No. 6122.

Court of Civil Appeals of Texas. Amarillo.

Jan. 22, 1951.

Rehearing Denied Feb. 26, 1951.

R. A. Kilpatrick, Cleburne, for appellants.
Joe Moss, Post, for appellee.

MARTIN, Justice.

The appellee, Lucy J. Webb, brought this action in trespass to try title to remove cloud on the title to a tract of land in Crosby County, Texas, alleged to be her separate property. Verda Leake Van, joined by her husband, W. B. Van, appellants, filed a cross-action in which they alleged the land was community property of Lucy J. Webb and husband, Sidney Webb, and was, therefore, subject to an unpaid judgment and debt against Sidney Webb, deceased, in the amount of $3,613.84.

In answer to the two special issues submitted to them, a jury found that the land was a gift to Mrs. Webb from her two sons. The trial court overruled appellants' motion for an instructed verdict and for a judgment non obstante veredicto and rendered judgment for the appellee, Mrs. Webb, on the jury issues.

Mrs. Van, appellant, perfected this appeal in which her principal contention is that the land was community property of Lucy J. Webb and husband, Sidney Webb, and therefore subject to her debt against Sidney Webb, deceased.

The Supreme Court, on a prior appeal of Van et al. v. Webb, 215 S.W.2d 151, held that Mrs. Van's attempt to fix an abstract of judgment lien on the land was ineffective in that Sidney Webb died before the abstract was filed and that if the property were community property, appellant's lien would be a statutory lien under Article 3314, R.S. The Supreme Court further called attention that appellant would not be entitled to a money judgment against Mrs. Webb, but rather to a judgment which is in effect one in rem subjecting the assets of Sidney Webb which have come into Mrs. Webb's hands to the payment of the claim.

The paramount question is whether the tract of land in Crosby County is the separate property of Lucy J. Webb, appellee, or is the community property of Lucy J. Webb and her deceased husband, Sidney Webb. If the land is community property, it is subject to appellant's debt and statutory lien. A further ramification of this proposition, as pointed out by the Supreme Court, is that if the property be community, Lucy J. Webb should be credited with any payments made thereon from her separate funds by reason of being subrogated to the rights of the lienholders, which rights are paramount to those of appellant, Mrs. Van. In addition to these points, if the property were the separate property of Mrs. Webb, and the community estate had paid any part thereon, to the amount such payments were proven, the appellant's debt and lien should be satisfied.

Appellant briefed points numbers 1 to 7 together and alleged error of the trial court in permitting Pat Webb and Don Webb to testify as to their intention to make a gift of the land to their mother, and the further objection that their answers were conclusions of law and that the deeds were the best evidence of the matter inquired about.

The Supreme Court in the prior appeal of this cause held that even though a deed contains a contractual consideration this does not prevent a showing that the cash consideration was not in fact paid. The Supreme Court cited under this proposition Skinner v. Vaughan, Tex.Civ.App., 150 S.W.2d 260. An examination of this cause does not support the appellant's points above. The court held that as the husband did not sign the note, no personal, legal obligation was created on the part of either the husband or the wife. In the cause at issue the recited assumption of indebtedness by Lucy J. Webb, a married woman, would not bind her or the community estate as to the purchase money of the property. But, examining a like

fact situation in Skinner v. Vaughan, it will be observed that the cash consideration shown in a deed can be varied by parol evidence, and further, that evidence as to the gift of property, and contra thereto, raises an issue of fact for the jury. This principle was approved by the Supreme Court.

Burns et al. v. Nichols, Tex.Civ.App., 207 S.W. 158, 159, holds: "It has been definitely settled in this state that, notwithstanding the recital of consideration in a deed, it may be shown that the property was a gift to the grantee, and therefore his separate property."

Connor et al. v. Boyd et al., Tex.Civ. App., 176 S.W.2d 212, 214, holds: "The wife's separate ownership of property, although standing in the name of her husband or appearing on record to be community property, may be proven as any other fact by any competent evidence, including parol evidence, surrounding circumstances, and declarations of the parties."

The evidence of Don Webb and Pat Webb was properly admitted by the trial court.

■ Appellant's points 8 to 11, 14 to 18, inclusive, and 20 to 23, inclusive, are briefed together by appellant and set forth the proposition that the testimony in the trial court did not justify the submission of issues numbers 1 and 2 to the jury.

The issues submitted to the jury are as follows:

"Special Issue No. 1:

"Do you find from a preponderance of the evidence that Pat Webb on December 26, 1938, made a gift of the land to his mother, Lucy J. Webb?

"Special Issue No. 2:

"Do you find from a preponderance of the evidence that Don Webb, on February 18, 1941, made a gift of the land to his mother, Lucy J. Webb?"

It is a correct proposition of law, as asserted by appellant, that property acquires its status as separate or community property at the date of its acquisition. Appellee contended that the land was conveyed to her as a gift and if this be true

then the land became the separate property of Mrs. Webb by gift at the time of the execution and delivery of the deeds to her by her sons. The jury so found under the two special issues, and such issues conclude this matter if there is any evidence to support such findings. Was there any evidence in the record justifying the submission of the two issues? Appellant says there was not.

■ In determining whether it was proper to submit the issues to the jury, a reviewing court will consider the evidence which is most favorable to the prevailing party, discarding all evidence to the contrary. Exporters' & Traders' Compress & Warehouse Co. v. Hemphill, Tex.Civ. App., 292 S.W. 599, 600. An examination of the evidence in the light of this rule should be had.

■ The evidence of both Don and Pat Webb was that the land was given to their mother and that the cash consideration was merely a recited consideration and was not in fact paid. It is contended that the assumption of the debt as recited in the deed to Mrs. Webb is contra to the proposition of gift. As a matter of law, Mrs. Webb, being a married woman at the time of the delivery of the deed, could not be bound on such assumption agreement.

In Skinner v. Vaughan, Tex.Civ.App., 150 S.W.2d 260, on page 265, as to the theory of property being held as separate by gift, the court said: "Unquestionably the recitation of the consideration both executed and executory negatives the theory. Consistent therewith is perhaps lack of liability on her part on the note."

The court, ruling on evidence similar to the fact situation herein, stated, "We hold an issue of fact would have been raised as to the status of this property."

It was not shown that Sidney Webb ever paid anything on the land. In fact, Don Webb testified that he had been paying on the land and that his father never from his money at any time paid any of that consideration. Both of Mrs. Webb's sons testified they had been paying the indebtedness on the land, which further supports the issue that she was to receive

the land as a gift. All the testimony of the Webb family supports the issue that the land was a gift to Mrs. Webb. Appellant calls attention in her brief to the statement of Mrs. Webb, a woman 83 years of age, as follows:

"Q. Mrs. Webb, did you get any money or property, or have you received any other property or any money from any source since you and Mr. Webb married? A. No, I don't think so. I think he always made the living, and I don't think I ever got anything from any place."

But on page 84 of the Statement of Facts the following evidence is found in appellant's direct-examination of Mrs. Webb:

"Q. Now, Mrs. Webb, in 1938, Pat Webb conveyed to you or executed a deed to you to some land in Crosby County, Texas? A. Yes.

\* \* \* \* \* \*

"Q. Now, Mrs. Webb, as of February 18, 1941, there is a deed on record from Don Webb to Mrs. Lucy J. Webb? A. Yes."

Although it was shown that she knew nothing of the business affairs, she certainly knew of the deeds whether she saw them executed or not.

■ Appellant particularly calls attention to the testimony of Mrs. Webb's sons that they rented the land from her and paid the rents and revenues to her or paid the same on the debt to the Federal Land Bank. This is the only evidence in the record as to community property payments on the separate lands of Mrs. Webb. While it is true that the amounts of rent payments are not shown, this would be immaterial in that although the rents and revenues from Mrs. Webb's separate property are community property, under Article 4616, and the interpretation of the same by the Supreme Court in Bearden v. Knight et al., Tex.Sup., 228 S.W.2d 837, such rents and revenues from the wife's separate property are exempt from liability for debts contracted by the husband.

■ The evidence in the cause justified the trial court in the submission of Special Issues Nos. 1 and 2 shown hereinabove

and no error can be predicated on such action.

It is to be observed that the appellant in a discussion of the status of the land as separate or community property takes the position that the Supreme Court in the prior decision on this cause requires Mrs. Webb to account for all separate property payments on the land or the land is subject to appellant's debt and lien. In this connection, we point out that appellant's brief contains the following: "The Supreme Court in·its opinion reversing and remanding this cause for a new trial stated: 'If with her separate funds Mrs. Webb has paid off encumbrances either before or since her husband died, she should be credited with the amount so paid. By making those payments she became in effect subrogated to the rights of lienholders which were paramount to those of Mrs. Van. The evidence does not establish the status of these payments.' In other words, the Supreme Court reversed the case in order to give appellee an opportunity to show how much, if any, of the separate property was used in paying the debts against the property. The above evidence will show that she wholly failed to make this proof."

It will be noted in the Supreme Court's prior opinion, Van et al. v. Webb, 215 S.W.2d 151, on page 154: "Accordingly, under all the facts, if the land in suit was community property it would be accurate to say that Mrs. Van has a statutory lien against it and proper for the court to award her a decree of foreclosure."

It must be particularly noticed that the Supreme Court further held: "She (Mrs. Van) would not be entitled to a money judgment against Mrs. Webb but rather to a judgment which is in effect one in rem, subjecting the assets of Sidney Webb which may have come into Mrs. Webb's hands to the payment of the claim."

It is observed that such matters are all predicated on the proposition "if the land in suit was community property".

The Supreme Court further stated: "Now, it is to be observed that·whatever right Mrs. Van had to subject this land to

the payment of her debt is limited to the community ownership of Sidney Webb and his wife at the time of his death."

Evidence was introduced that the land was not the community property of Sidney Webb and wife, but was given to Mrs. Webb by her sons. From the evidence, the jury found that the land was a gift to Mrs. Webb from her sons. By such gift, it became the separate property of Lucy J. Webb.

■ It can not be seriously contended that the Supreme Court held that Mrs. Webb had to show the amount of separate property payments made on her separate lands. When the land became separate property of Mrs. Webb at its inception, thereafter, only the payments made by the community estate on Mrs. Webb's separate estate would be subject to a judgment in rem as to Mrs. Van's lien and debt. This comports with the ruling of the Supreme Court in the prior appeal of this cause and is the only correct rule that can be drawn therefrom.

Further, once the land was established as the separate property of Mrs. Webb, it then devolved upon the appellant, if she wished to subject any community payments as made on the same to her debt and lien, to show the respective payments made by the community estate on Mrs. Webb's separate estate.

In Welder v. Lambert, 91 Tex. 510, 44 S.W. 281, 287, the Supreme Court early stated this rule: "The lands in controversy appearing to be of the separate estate of Power, we are of the opinion that, in order for the heirs of the first wife to establish a charge upon them for a reimbursement of community funds expended in their acquisition, the burden was upon them to prove that the funds had been so expended."

Jenkins v. Robinson et al., Tex.Civ.App., 169 S.W.2d 250, 251, is a case wherein the property was separate property by reason of acquisition before marriage but involves the same principle of law. Therein the court stated the rule as follows: "which status (separate property) cannot be altered thereafter by the fact that the remainder of the purchase price is paid for with funds of the community estate. * * * Such payments at most merely call for an accounting between the estates, which is the purpose of appellees' suit; and having alleged that the indebtedness against the real estate was paid in part with community funds, they had the burden of proof to establish that fact."

■ In addition to the matters hereinabove, an examination of the record reveals not only a total lack of evidence as to any community payments made on Mrs. Webb's separate estate but the record goes further and shows affirmatively that no payments were in fact made by the community on Mrs. Webb's separate estate. No issue thereon was requested by the appellant in the trial court and none was submitted. It is presumed that no issue was submitted by the trial court as to the community payments as made on Mrs. Webb's separate property in that there was no evidence of record justifying such a submission. The trial court correctly submitted all issues required by the evidence in the cause.

■ We must look to page 20 of the transcript as to appellant's point No. 19, complaining of the alleged error of the trial court in overruling appellant's objection to the court's definition of "gift." Appellant's objection was: "We object and except to the definition of gift * * * because consideration is one of the most technical words in law and there is no adequate definition of the word consideration given in the definition." Appellant stated that there is no adequate definition of "consideration." This again relegates us to a search of the transcript and we find there is no definition of "consideration" given in the court's charge. The appellant is not complaining of the giving of an erroneous definition, but she is in truth complaining of the court's utter failure to define "consideration." She did not submit to the court any definition of the term "consideration." This was required under Rule 279, Texas Rules of Civil Procedure, and Coca-Cola Bottling Co. of Fort Worth v. Burgess, Tex.Civ.App., 195 S.W.2d 379. The definition of "gift" as submitted by the trial court is in the language used by the

courts and no error is found in the definition stated in the charge.

■ Appellant's points 29 and 34 assert estoppel of the appellee to plead and prove a gift of the lands to her under the deeds, and cites Nye et al. v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1, in support of her points. It is is to be observed in the cause of Van v. Webb, that at no time did Mrs. Webb attempt to deny that the deed contained a clause as to the assumption of debt. That a deed of gift to property may impose an obligation as to notes and yet retain its character as a gift can not be denied. Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 5 A.L.R. 1660. This would be more so the rule where the grantee, as a matter of law, could not be legally bound to make payment of the debt even where assumed in the deed. The evidence showed Mrs. Webb to be a married woman at the time of the execution and delivery of both deeds. Appellant's points 29 and 34 are overruled.

■ Appellant's final point of error, No. 35, is directed at an alleged improper argument by attorney for appellee. An examination of appellant's bill shows the alleged error was a reference to appellee and her sons as "these pioneers who helped build this country," and a reference to the appellant as "this lady from North Carolina." It will be observed that the trial court placed on appellant's bill of exception the following qualification: "The residences of the parties were discussed by both counsel in the voir dire examination of the jury panel without objection." Appellant did not except to this qualification placed on his bill. Further, appellant, in closing his case, put on the stand one Murphy Pickle, who testified as to Mrs. Van:

"Q. Do you know where she lives? A. High Point, North Carolina."

Mrs. Webb testified that in the early days she was a school teacher and had married Webb at old Ft. Belnap, when he was only a cowboy. The record is quite replete with other evidence of the Webbs being early day pioneers of Texas. This evidence was brought out by appellant's attorney without any objection thereto. The argument as made can not be said to have introduced any new evidence or facts before the jury and is certainly an argument upon the facts introduced in evidence by the appellant himself. It is not of such a nature as to be so detrimental and prejudicial that it could not have been cured by an instruction. It is to be noted that at the time the argument was made, it did not elicit any objection from the appellant. Appellant was under a duty to object to the argument at the time same was made if prejudicial. Ramirez v. Acker et al., 134 Tex. 647, 138 S.W.2d 1054; Younger Bros., Inc., v. Marino et al., Tex.Civ.App., 198 S.W.2d 109.

The judgment of the trial court is affirmed.