Mrs. Mildred WILLIAMS et al., Appellants,

v.

Mrs. Gertie M. CROW, Appellee.

No. 5354.

Court of Civil Appeals of Texas,
Waco.

Dec. 5, 1974.

Rehearing Denied Jan. 9, 1975.

Pollan & Nicholson, John T. Nicholson, Rosenberg, for appellants.

Caldwell & Hurst, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal by plaintiffs Mildred Williams and her brother, J. R. Crow, from judgment they take nothing, in trespass to try title suit, involving a one-half interest in 256 acres of land in Leon County. This case is between the same parties, involves the same land, and is companion case to Crow v. Crow, Tex.Civ.App., Waco, NWH, 485 S.W.2d 928.

Plaintiffs sued Gertie Crow, their stepmother, to have a warranty deed to the property, executed by their mother and father, declared to be a mortgage, and to remove the cloud on their title cast by defendants' claims, and in statutory trespass to try title to 256 acres of land.

Plaintiffs alleged their mother Minnie Crow owned as her separate property 256 acres of land; that plaintiffs inherited from their mother such land; that in early 1919 their father Sam Crow desired to obtain a loan from the Federal Land Bank using his wife's property as security; in order to carry out the plan he arranged with his wife's brother W. T. Childress to accept a deed intended by all parties to be a mortgage; that Childress would borrow money on the land; and then reconvey the property to Minnie Crow; that Minnie Crow and husband Sam Crow on April 5, 1919, deeded the property to W. T. Childress reciting a $3000. consideration represented by $1500. cash payment and a vendors lien note for $1500.; that thereaf-

ter Childress did borrow $900. from the Federal Land Bank on the property; and on October 8, 1920, conveyed the property to Sam Crow reciting $3000. consideration ($2100. cash and assumption of the $900. Federal Land Bank note).

Plaintiffs alleged no money or other consideration was ever paid to Minnie Crow or Sam Crow by W. T. Childress; that no money was paid to Childress for the reconveyance; that all parties intended the conveyance to Childress to be a mortgage; that the 256 acres at the time had a fair market value of not more than $1000.

Defendant answered by general denial, and asserted (among other matters) that the land was ½ Sam Crow's; and that Sam Crow died in 1968 leaving a will executed in 1964 which devised all of his property to defendant, and prayed plaintiffs take nothing. Trial was to a jury which found:

1) The property was acquired by Minnie Crow as a gift from her mother.

2) The property was acquired by Minnie Crow from her mother, in distribution by the mother of her estate to her three children.

3) On April 5, 1919, Sam Crow was indebted to a bank in the Normangee area.

4) The deed executed by Minnie Crow and Sam Crow (on April 5, 1919) to W. T. Childress was not executed by the grantors for the sole purpose of creating a lien or mortgage on the land.

5) The grantee did not accept the April 5, 1919, deed for the sole purpose of assisting in the creation of a lien on the land.

6) Sam Crow and Minnie Crow did receive the purchase price for the land recited in the deed.

The trial court rendered judgment on the verdict that plaintiffs take nothing.

Plaintiffs appeal on 4 points contending:

1) Plaintiffs were entitled to judgment as a matter of law.

2) The jury's answers to Issues (4, 5 & 6) are supported by no evidence.

3) "The trial court erred in overruling (plaintiff's) motion for new trial because the jury's answers to the questions complained of (4, 5, & 6) were not supported by any evidence, were contrary to the overwhelming preponderance of the evidence, were contrary to what reasonable minds could not differ on, and were a manifest injustice to the (plaintiffs)".

4) The trial court erred in overruling (plaintiff's) motion for new trial because of jury misconduct.

■ Points 1 and 2 are overruled. The deed of April 5, 1919, constitutes some evidence to support the jury's answers to issues 4, 5, and 6, and thus plaintiffs were not entitled to judgment as a matter of law.

Point 3 asserts that the jury's answers to Issues 4, 5, and 6 are against the overwhelming preponderance of the evidence so as to be manifestly unjust.

■ Defendant (appellee) asserts by counterpoints that point 3 is "multifarious, argumentative and unduly prolix, and, as a matter of law" does not comply with Rule 418 Texas Rules of Civil Procedure and should not be considered; and that such point 3 is "not predicated upon nor germane to any assignment of error in plaintiff's motion for new trial and is waived".

Considering Rules 1 and 418 TRCP together we have no difficulty in understanding that point 3 attacks the sufficiency of the evidence as a whole to support the jury's answers to Issues 4, 5 and 6.

Paragraph Second of plaintiff's Motion for New Trial is: "The verdict, insofar as the answers to Special Issues Nos. 4, 5 and 6 are concerned, is not supported by the evidence, because the overwhelming preponderance of the evidence, to the extent

that reasonable minds could not differ, clearly showed that (No. 4) the sole purpose in executing said deed from Minnie Crow and husband to W. T. Childress was to create a mortgage on the land in question; (No. 5) the sole purpose of the grantee in accepting said deed was to assist in creating a mortgage on the land; and (No. 6) no part of the consideration recited in the deed was received by the Grantors or either of them".

We hold such assignment in plaintiff's Motion for new trial sufficient upon which to predicate plaintiff's Point 3 on appeal.

As noted the deed itself constitutes some evidence that it was intended by the parties to be a deed, and that the grantors received the consideration recited.

The witness J. J. Tomlinson testified he was a cousin to Minnie Crow; that he was born in 1904, and lived in the home where his Aunt Lizzie (Minnie's mother) and Minnie and Sam Crow lived; that he lived there in 1918, 1919 and 1920, and lived with the Childresses (Minnie's brother) nearby in 1921 and 1922; that Lizzie Childress gave the land to her daughter Minnie; that in early 1919 there was a family conference in Aunt Lizzie's house; that Sam Crow and W. T. Childress had bought some 300 head of hogs and owed the bank for them; that the hogs had taken cholera and died; that Sam was responsible for the debt and it had to be paid; that a loan had to be made and the only way to get a loan was to use Minnie's land as security; that W. T. Childress did not have $2.50, much less $1500.; he had nothing; he made only 3 bales of cotton; that Sam Crow did not have any $2100. to pay W. T. Childress for the 1920 instrument.

The witness Cordelia Childress was the widow of W. T. Childress, and sister-in-law of Minnie Crow. She testified, Aunt Lizzie Childress made gifts of land to her three children; that Minnie received the 256 acres here involved; that her husband did not have any money to pay Sam Crow in April, 1919; and Sam Crow did not have

any money to pay them in October, 1920; that her husband did not receive any money in the October, 1920 transaction; that Sam Crow did not pay them any money in 1920.

We have considered all the evidence in the record and think the jury's answers to Issues 4, 5 and 6 supported by insufficient evidence and that such answers are so contrary to the overwhelming weight of all the evidence, as a whole, as to be clearly wrong and unjust, and requires a reversal and remand, under the rule of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Point 3 is sustained.

Point 4 complains of asserted jury misconduct. This point is overruled.

Reversed and remanded.