Mrs. Gertie M. CROW, Appellant,

v.

Mrs. Mildred WILLIAMS, et vir, et al., Appellees.

No. 6128.

Court of Civil Appeals of Texas, Waco.

March 6, 1980.

Rehearing Denied April 3, 1980.

Ernest C. Hurst, John H. Caldwell, and Steven Underwood, Caldwell & Hurst, Houston, for appellant.

John T. Nicholson, Pollan, Nicholson & Doggett, Richmond, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Mrs. Gertie M. Crow from judgment holding a deed (on its face) to be a mortgage, and decreeing title to 256 acres of land to be in plaintiffs Mildred Williams and Joseph R. Crow.[1]

Plaintiffs Mildred Williams and her brother J. R. Crow sued Gertie Crow, their stepmother, to have a warranty deed to the property, executed by their mother and father, declared to be a mortgage, and to remove the cloud on their title cast by defendant's claims, and in statutory trespass to try title to 256 acres of land.

Plaintiffs alleged their mother Minnie Crow owned as her separate property 256 acres of land; that plaintiffs inherited from their mother such land; that in early 1919 their father Sam Crow desired to obtain a loan from the Federal Land Bank using his wife's property as security; in order to carry out the plan, he arranged with his wife's brother W. T. Childress to accept a deed intended by all parties to be a mortgage; that Childress would borrow money on the land; and then reconvey the property to Minnie Crow; that Minnie Crow and husband Sam Crow on April 5, 1919, deeded the property to W. T. Childress reciting a $3000. consideration represented by $1500. cash payment and a vendor's lien note for $1500.; that thereafter Childress did borrow $900. from the Federal Land Bank on the property; and on October 8, 1920, conveyed the property to Sam Crow reciting a $3000. consideration ($2100. cash and assumption of the $900. Federal Land Bank note).

Plaintiffs alleged no money or other consideration was ever paid to Minnie Crow or Sam Crow by W. T. Childress; that no money was paid to Childress for the reconveyance; that all parties intended the con-

veyance to Childress to be a mortgage; that the 256 acres at the time had a fair market value of not more than $1000.

Defendant answered by general denial, and asserted (among other matters) the land was ½ Sam Crow's; and that Sam Crow died in 1968 leaving a will executed in 1964 which devised all of his property to defendant, and prayed plaintiff take nothing. Trial was to a jury which found:

1) The property in question was acquired by Minnie Crow as a gift from her mother Lizzie Childress in 1915.

2) On April 5, 1919 Sam Crow was indebted to a bank for the purchase of hogs.

3) The deed from Sam and Minnie Crow to W. T. Childress was executed by the grantors for the sole purpose of creating a lien or mortgage on the land.

4) The grantee in the April 5, 1919 deed accepted same for the sole purpose of assisting in the creation of a lien on the land.

5) No part of the cash purchase price recited in the April 5, 1919 deed was received by Sam or Minnie Crow.

6) Mildred Williams and J. R. Crow should not have known through the exercise of reasonable diligence of the adverse claim of Gertie Crow, to the land in controversy, prior to May 14, 1966.

The trial court rendered judgment that the 256 acres in controversy was the separate property of Minnie Crow on April 5, 1919, and remained her separate property until her death in 1929; that plaintiffs, the only children of Minnie Crow, inherited the land from their mother; that the April 5, 1919 deed from Minnie Crow joined by her husband Sam Crow to W. T. Childress was intended by all parties to be, and was and is a mortgage; and created no title in Childress; and that plaintiffs Mildred Williams and J. R. Crow recover from defendant Gertie Crow title and possession to the 256 acres.

Defendant appeals on 25 points presenting 5 principal contentions.

1. The case involves a one-half interest in 256 acres of land in Leon County; is between the same parties and involves the same land as

*Crow v. Crow,* Tex.Civ.App. (Waco) NWH, 485 S.W.2d 928; and *Williams v. Crow,* Tex.Civ. App. (Waco) NRE, 517 S.W.2d 331.

■ Contention 1 asserts there is no evidence and/or insufficient evidence to support the jury's finding in answer to Issue 2; and the trial court erred in overruling defendant's objection to Issue 3 because such issue does not specify what debt the land was allegedly intended to guarantee the payment of.

Contention 2 asserts there is no evidence and/or insufficient evidence to support the jury's answers to Issues 3 and 4.

Issue 2 found that on April 5, 1919 Sam Crow was indebted to a bank for the purchase of hogs; Issue 3 found that the deed from Sam and Minnie Crow to W. T. Childress was executed for the sole purpose of creating a lien or mortgage on the land; and Issue 4 found Childress accepted the deed for the sole purpose of assisting in the creation of a lien on the land.

The witness Tomlinson, a cousin who lived in the home of Sam and Minnie Crow in 1917, 1918 and 1919, testified that the 256 acres here involved was deeded by Lizzie Childress in 1915 to her daughter Minnie Crow; that he was present in early 1919 when Sam and Minnie and her brother W. T. Childress had a discussion about raising some money; that Sam needed money to pay off a debt at the bank in Normangee incurred to buy some hogs; that the hogs had died of cholera; but the bank had to be paid; that it was decided that they should mortgage Minnie's land to get the money; that they had to go to a Land Bank that would loan them money on the land to pay the bank; that in 1919 at the time of the deed from Minnie and Sam Crow to W. T. Childress (reciting a $1500. cash consideration plus a note for $1500.) that W. T. Childress didn't have 25 cents; (the record reflects Childress transferred the note to the Federal Land Bank and got $900.; and in 1920 deeded the land back to Sam Crow for $2100. cash and assumption of the $900. due the Land Bank); that in 1920 Sam Crow did not have any money and was broke; that Minnie and Sam Crow were in possession of the land throughout; that W. T. Childress never went into possession of the land and never claimed to own it; that

Minnie died in 1929; that in 1931, 32 or 33 Sam Crow told him the land belonged to his children (plaintiffs herein).

Thus there is evidence that the land was the separate property of Minnie Crow; she and her husband Sam executed an instrument in the form of a deed to the property to Minnie's brother W. T. Childress for a recited $1500. cash consideration, plus a note; that Childress borrowed $900. from the Land Bank and in 1920 deeded the land to Sam Crow for a recited $2100. cash consideration plus Sam assuming the $900. Land Bank note. Childress was broke in 1919 and had no money with which he could have made a cash payment; Sam Crow was broke in 1920 and had no money with which he could have made a cash payment. The jury was authorized to answer Issues 2, 3, and 4 as they did and the evidence is ample to sustain their findings. There was no controversy in the case over what debt the land was allegedly intended to guarantee the payment of, and Issue 2 specified such as debt to a bank for the purchase of hogs.

Contentions 1 and 2 are overruled.

■ Contention 3 asserts there is no evidence and/or insufficient evidence to support the jury's finding to Issue 5 that no part of the cash purchase price recited in the April 5, 1919 deed was received by Sam or Minnie Crow.

The witness Tomlinson and the witness Cordelia Childress, widow of W. T. Childress, testified that in 1919 W. T. Childress was broke, had no money whatsoever, much less $1500. with which to pay Sam and Minnie Crow. The jury was authorized to believe that all concerned were broke and that the plan was entered into because no one involved had any money; that Minnie's land was used to generate funds with which Sam could pay the debt at the Normangee bank.

Contention 3 is overruled.

■ Contention 4 asserts that the trial court erred in submitting Issue 1 for the reason such issue did not inquire about a controlling fact in the case and the jury's answer to such is immaterial.

Issue 1 found that the property here involved was acquired by Minnie Crow as a gift from her mother in 1915.

The deed from Lizzie Childress to Minnie Crow to the property dated August 24, 1919 is in evidence as is the testimony of the witnesses Childress and Tomlinson.

Defendant asserts that the judgment in Cause 4013 dated March 6, 1919 which decreed title to the property here involved into "Sam Crow and Minnie Crow" against the heirs of Copeland and others, adjudicates an undivided one-half interest in the property in Sam Crow. There is further in evidence the petition in such case which discloses that Minnie Crow and Sam Crow (and another) sued the heirs of Copeland and others to clear a possible claim by limitation to the subject property (and other tracts); the March 6, 1919 judgment terminating such case decreed title into Sam Crow and Minnie Crow. The property here was shown to be a gift to Minnie Crow from her mother which made it her separate property. *Foster v. Christensen*, Tex. Com.App., 67 S.W.2d 246; *Gleich v. Bongio*, 128 Tex. 606, 99 S.W.2d 881; *Connor v. Boyd*, Tex.Civ.App. (Waco) Er.Ref.W.M., 176 S.W.2d 212; *Van v. Webb*, Tex.Civ.App. (Amarillo) NRE, 237 S.W.2d 827; *Blumer v. Kallison*, CCA (San Antonio) NRE, 297 S.W.2d 898. Defendant's claim as the devisee of Sam Crow is no greater than Sam Crow's claim. Under the facts, Sam Crow could not claim a half interest in the property against Minnie.

Contention 4 is overruled.

Contention 5 asserts the debt is not a proper debt for which the April 5, 1919 deed could be construed to be a mortgage.

■ The controlling issue is whether the parties Minnie and Sam Crow and Childress intended that the deed from the Crows to Childress operate only as a mortgage, and obtain the result of the Crows obtaining a loan. Childress never went into possession of the land; and never claimed to be its owner. The jury was authorized to believe the Crows and Childress intended that Childress should aid Sam Crow in obtaining a

loan from the Land Bank which Crow would receive and repay; that it was all for Crow's benefit; that he received the benefit; that the proceeds of the note were paid to Crow; and that he repaid the note. The family agreement was that Sam Crow was really borrowing the money; Sam would repay it; Sam received the proceeds of the note and repaid the note.

This suit is upon the ground that the purported deed was really a mortgage and that no title passed under it. The mortgage lien was extinguished upon payment of the debt. By establishing that the purported deed was merely a mortgage, plaintiffs destroyed the notion that the title passed to Childress. And the evidence is ample to show that the purported deed was intended as a mortgage. In such situation, no greater effect will be given the instrument than that designed by the parties. *Austin v. Austin*, 143 Tex. 29, 182 S.W.2d 355; *Bradshaw v. McDonald*, 147 Tex. 455, 216 S.W.2d 972; see also: *First Baptist Church of Ft. Worth v. Bible Baptist Sem.*, 162 Tex. 441, 347 S.W.2d 587.

All defendant's points and contentions have been considered and are overruled.

AFFIRMED.