Earline KIEL, Appellant,

v.

Leonard BRINKMAN, Appellee.

No. C14–82–767CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 19, 1984.

Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellant.

Kent A. Caperton, Bryan, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This is an appeal from a judgment of the District Court that Appellant, Earlene Kiel, has no right, title or interest in the subject real property. Appellant argues that because the property was acquired during the marriage of the two parties, and Appellee had acquired a loan during marriage that was used to pay an encumbrance on the property, then the property was the community property of the parties as a matter of law. Appellant further asserts that an improper charge was submitted to the jury. We affirm.

Appellant and Appellee were married on June 3, 1955. At that time Fred and Edna Brinkman, Appellee's parents, owned a 240 acre tract of land in Burleson County that is the subject matter of this suit. The land was encumbered by a mortgage debt of $1800. Appellee's parents were unable to pay the debt. On October 15, 1955, Fred and Edna Brinkman executed a deed which conveyed the property to Appellee. On that same day Appellee obtained from the Caldwell National Bank a loan of $1800 which was used to pay off the debt on the property. Appellee executed a promissory note secured by a deed of trust covering the property. Although only Appellee signed the note, there is evidence that his brother, Junell Brinkman, paid one-half of the debt to the bank. The money used by Appellee to pay off the other one-half of the debt to the bank was from the community earnings of Appellant and Appellee. On December 15, 1955, Leonard Brinkman and Earlene Brinkman (Kiel) jointly conveyed undivided one-fifth interests in the property to each of Appellee's three brothers and one sister. In June 1972, a specific forty acre portion of the original tract was conveyed by Appellee and his three brothers and one sister to the Veterans Land Board and subsequently conveyed by the Board to B.L. Parker, leaving 200 acres jointly owned by Appellee and his three brothers and one sister. This dispute is over Appellee's undivided one-fifth interest in the 200 acre tract.

The Appellant and Appellee were divorced on June 4, 1979. The divorce judgment does not dispose of the parties' property rights in this property. Appellant sometime later received in the mail a ratification oil and gas lease covering the property. After consulting with an attorney, Appellant executed that lease on May 23, 1980. Appellee then filed suit seeking to remove this cloud from his title. Appellant responded by filing a claim for partition of the property. The trial was to a jury. The trial court entered judgment cancelling the ratification lease signed by Appellant and found that Earlene Brinkman Kiel has no right, title or interest in and to the subject property.

Appellant's points of error one and two are that the trial court erred in failing to grant Appellant's motions for instructed

verdict and for judgment N.O.V. because the property was community property as a matter of law. We disagree.

Since the property was obtained during the marriage of the parties and possessed at the dissolution of the marriage, it is presumed that the land conveyed to Appellee from his parents was community. TEX.FAM.CODE ANN. § 5.02 (Vernon 1975); *Tarver v. Tarver*, 394 S.W.2d 780 (Tex.1965). This presumption can be rebutted by a showing that the property was acquired by gift during the marriage. TEX.FAM.CODE ANN. § 5.01 (Vernon 1975). The status of the property as community or separate must be determined as of the time of the acquisition of the property. *Smith v. Buss*, 135 TEX. 566, 144 S.W.2d 529, 532 (1940); *Van v. Webb*, 237 S.W.2d 827 (Tex.Civ.App.— Amarillo 1951, writ ref'd n.r.e.).

Appellant argues that the facts preclude the possibility that the property was acquired by gift because the mortgage on the land was due and Appellee's parents were unable to pay the debt. It is undisputed that the property was encumbered by an unpaid mortgage and that Appellee, while married, obtained a loan to satisfy that outstanding debt. However, we disagree with Appellant's conclusion that those facts established as a matter of law that the property was community property.

A grantor may make a gift of encumbered property and a conveyance may be a gift even if the grantee assumes an obligation to extinguish the encumbrance. *Taylor v. Sanford*, 108 Tex. 340, 193 S.W. 661 (1917); *Van v. Webb*, 237 S.W.2d at 832. There has been no showing that as a matter of law Fred and Edna Brinkman made the conveyance to L.W. Brinkman *in exchange for* the Appellee extinguishing the debt. *See Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565, 569 (1961). Without such a showing it cannot be said that as a matter of law the conveyance was not a gift. A fact issue existed as to whether the transaction was a gift or a sale. Appellant's first two points of error are overruled.

Points of error three through ten complain of errors in the charge submitted to the jury. In special issue number one, the jury was asked:

> Do you find from a preponderance of the evidence that the conveyance from Fred Brinkman and Edna Brinkman to L.W. Brinkman by deed dated October 15, 1955, *was intended to be a gift?* (emphasis added).

Point of error three is that the trial court erred in overruling Appellant's objections to that issue in that the issue was evidentiary. Point of error four is that Special Issue No. 1 did not properly inquire as to the ultimate issue of whether the conveyance was a gift.

An issue is evidentiary if the answer to it would not establish the existence or nonexistence of a component element of a party's claim or defense. *State v. Lackey*, 576 S.W.2d 685, 688 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); 3 R. McDonald, Texas Civil Practice in District and County Courts § 12.06.1 (rev. 1983). The elements necessary to establish the existance of a gift are delivery, acceptance, and intent to make a gift. *Sumaruk v. Todd*, 560 S.W.2d 141 (Tex.Civ.App.—Tyler 1977, no writ); *Grimsley v. Grimsley*, 632 S.W.2d 174 (Tex.App.—Corpus Christi 1982, no writ); *Mortenson v. Trammell*, 604 S.W.2d 269 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Special issue number one inquired into a component element of Appellee's claim and was not evidentiary. Point of error three is overruled.

There is no dispute that there had been a delivery and acceptance by L.W. Brinkman of the October 15th deed. Of the three elements listed above, only the element of the grantor's intent was disputed. Under these circumstances, the trial court did not fail to submit an ultimate issue because the grantor's intent was the controlling issue. *See generally, Alexander v. Bowens*, 595 S.W.2d 176, 178 (Tex. Civ.App.—Tyler 1980, no writ). Appellant's fourth point of error is overruled.

The sixth point of error is that the trial court erred in refusing to submit

Appellant's requested special issue number 2 since it properly submitted the issue of whether the conveyance was a gift. The trial court must submit the controlling or ultimate issues raised by the pleadings and evidence. TEX.R.CIV.P. 279. *Braugh v. Phillips,* 557 S.W.2d 155 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Once the controlling issues have been submitted, it is not error to not submit other issues. Appellant's sixth point of error is overruled.

Points of error five and seven concern the definition of gift given to the jury in connection with special issue number one. Gift was defined in the charge as a "voluntary transfer of property to another which is made free of cost". Appellant timely objected to the definition and submitted a definition of gift as a "voluntary transfer of property to another made gratuitously and without consideration". Appellant argues that "free of cost" does not mean the same as "gratuitously and without consideration". Appellant cites *Bradley v. Bradley,* 540 S.W.2d 504 (Tex.Civ.App.—Fort Worth 1976, no writ) to show that the requested definition was in substantially correct form. The court in *Bradley* does define gift in the same terms as those in Appellant's requested instruction. However, the *Bradley* court cites for support a definition of gift used by the Texas Supreme Court in *Hilley v. Hilley.* There gift was defined as "a transfer of property made voluntarily and gratuitously." The Supreme Court then goes on to discuss consideration given in exchange for a transfer to a spouse during marriage. The discussion of the Supreme Court emphasizes the nature of a bargained for consideration. Although the phrase "free of cost" is not exactly synonymous with the word "gratuitously," the definition of gift given by the trial court was adequate to inform the jury as to the basic meaning of the word "gift." Appellant's points of error five and seven are overruled.

The eighth point of error is that the trial court erred in denying Appellant's requested instruction number two which states "You are instructed that the determination of whether a conveyance is a gift must be made at the time of the conveyance." Neither party disputes that this is a correct statement of the law. However, it does not appear that failure to give the instruction probably caused the rendition of an improper judgment in the case. TEX.R. CIV.P. 434. Point of error eight is overruled.

Appellant's requested instruction number three was "A conveyance is not a gift if it is supported by any consideration, including the assumption of a debt or part of a debt." Appellant's ninth point of error complains of the trial court's refusal to submit that instruction. This instruction, as written, seems to indicate that anytime an assumption of a debt is involved the conveyance cannot be a gift. This is not a correct statement of the law. The trial judge did not err in refusing to submit this instruction. Point of error nine is overruled.

Appellant's final point of error is that the trial judge erred in failing to submit a requested definition of consideration. Because the failure to use the word "consideration" in the definition of gift was not error, there is no reason that a definition of consideration was required in the charge. Appellant's tenth point of error is overruled.

The judgment is affirmed.