

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00495-CV

Delma Ramirez **DELEON**, Irma Gomez, Josefina Castor, Olga Ramirez Niaves,
Oralia De La Rosa, Gloria R. Dunford, and San Juanita R. Rodriguez,
Appellants

v.

Oliverio C. **RAMIREZ** and Maria Luisa Ramirez,
Appellees

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 13-02-00046 CVL
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 19, 2017

AFFIRMED

Appellants, Delma Ramirez Deleon, Irma Gomez, Josefina Castor, Olga Ramirez Niaves,

Oralia De La Rosa, Gloria R. Dunford, and San Juanita R. Rodriguez, appeal the trial court's order

granting summary judgment in favor of appellees, Oliverio C. Ramirez and Maria Luisa Ramirez,

in a dispute over title to a 151.77 acre tract of land in LaSalle County (the "Property").  The title

dispute hinges on whether a deed from Martha Ramirez to Oliverio and his wife Maria Luisa was

a gift deed which conveyed only Martha's interest in the Property or a community survivor deed

which conveyed all of the community property interest in the Property.  In addition to arguing the

deed was a gift deed, the appellants also contend: (1) Oliverio and Maria Luisa were not innocent purchasers of the Property because they had notice of its community character; (2) Oliverio and Maria Luisa could not acquire title to the Property because they were cotenants with the appellants; and (3) Oliverio and Maria Luisa are estopped from asserting ownership. We affirm the trial court's judgment.

## BACKGROUND

Gregorio and Martha Ramirez were married in 1941, and they had thirteen children, including appellants and Oliverio. Gregorio inherited a 1/13 interest in the Property from his parents which was his separate property.[1] Gregorio and Martha purchased the remaining 12/13 interest in the Property from the other heirs, and the 12/13 interest became Gregorio and Martha's community property. In order to acquire the 12/13 interest, Gregorio and Martha borrowed $12,600.00 from the Farmers Home Administration and executed a deed of trust to secure the loan.

Gregorio died intestate in 1976, and his estate was never probated. On November 1, 1993, the FHA sent Martha a letter stating she was required to refinance the loan which had an approximate balance of $7,955.85. On November 19, 1993, Martha sent a letter to the FHA stating her request to refinance with a different lender was denied. In early 1994, Martha, fearing foreclosure based on her inability to refinance the loan, approached Oliverio and Maria Luisa about buying the Property.

On March 9, 1994, Martha signed a deed conveying the Property to Oliverio and Maria Luisa. The deed recited the following consideration:

> Love and affection  Ten Dollars  and other valuable consideration, which includes but is not limited to payment of the outstanding balance, if any, of one certain note, executed by maker, dated July 29, 1969, in the sum of $12,600.00, payable to Farmers Home Administration, United States of America, Department of Agriculture.

---

[1] Gregorio's parents also had thirteen children, the reason Gregorio inherited 1/13 interest in his parents' property.

That same day, Oliverio and Maria Luisa paid off the FHA loan and obtained both a transfer of lien and a release of lien which were filed in the real property records. Between 1994 and 2003, Oliverio and Maria Luisa purchased the interest of five of Oliverio's siblings. The appellants are Oliverio's other seven siblings.[2]

In 2013, the appellants filed the underlying lawsuit seeking a declaratory judgment regarding the ownership of the Property. The parties subsequently filed competing motions for summary judgment. After a hearing, the trial court granted Oliverio and Maria Luisa's motion and denied the appellants' motion. In its order, the trial court found the presumption of a gift was overcome and that the 1994 deed from Martha to Oliverio and Maria Luisa was a community survivor deed that conveyed the entire community property interest of Martha and Gregorio to Oliverio and Maria Luisa.

## STANDARD OF REVIEW

To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see also Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). We generally review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Where, as here, the parties file competing motions for summary judgment, and the trial court grants one and overrules the other, we "determine all questions presented, and if the trial court erred, render the judgment the trial court should have rendered." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 583 (Tex. 2015).

---

[2] The purchased interest of Oliverio's five siblings and the remaining seven siblings who are the appellants represents the 12/13 community property interest of Gregorio and Martha.

**GIFT DEED V. COMMUNITY SURVIVOR DEED**

As previously noted, the crux of the parties' dispute hinges on whether the 1994 deed from Martha to Oliverio and Maria Luisa is a gift deed or a community survivor deed. Neither side contends the deed is ambiguous, and we construe an unambiguous deed as a matter of law. *Stribling v. Millican DPC Partners, LP*, 458 S.W.3d 17, 20 (Tex. 2015); *West 17th Res., LLC v. Pawelek*, 482 S.W.3d 690, 695 (Tex. App.—San Antonio 2015, pet. denied). In construing a deed, our primary duty is to ascertain the intent of the parties as expressed in the four corners of the document. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991); *Lemus v. Aguilar*, 491 S.W.3d 51, 56 (Tex. App.—San Antonio 2016, no pet.). We examine and consider the entire writing to harmonize and give effect to all the provisions of the deed. *Luckel*, 819 S.W.2d at 462; *Lemus*, 491 S.W.3d at 56.

"A gift is a voluntary transfer of property to another made gratuitously and without consideration." *Woodworth v. Cortez*, 660 S.W.2d 561, 563-64 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.). The burden of proving that a conveyance of property is a gift is on the party claiming a gift was made. *Ellebracht v. Ellebracht*, 735 S.W.2d 658, 659 (Tex. App.—Austin 1987, no writ); *Woodworth*, 660 S.W.2d at 564.

When the consideration recited for the conveyance of property is "love and affection," there is a presumption that the conveyance is a gift; however, the presumption is rebuttable. *See Hardy v. Hardy*, No. 03-02-00780-CV, 2003 WL 21402002, at *3 (Tex. App.—Austin June 19, 2003, no pet.) (mem. op.). For example, "[p]resumptions that transfers are gifts can be overcome by a showing that consideration was exchanged." *Id.*; *see also Ellebracht*, 735 S.W.2d at 659 (noting "exchange of consideration precludes a gift"). Although "a conveyance may be a gift even if the grantee assumes an obligation to extinguish [an] encumbrance [on the property,] the deciding

factor is whether the conveyance was made *in exchange for* the grantee extinguishing the debt." *Hardy*, 2003 WL 21402002, at *3. (emphasis in original).

"It has long been the established law in this state that a community survivor has the legal right to sell all community assets to pay community debts, and the amount of the debt as compared to the value of the land sold is immaterial." *Horton v. Harris*, 610 S.W.2d 819, 824 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.); *see also Burnham v. Hardy Oil Co.*, 195 S.W. 1139, 1143 (Tex. 1917) (noting surviving spouse has authority to convey community property after other spouse's death for the purpose of paying community debts); *Burns v. Burns*, 439 S.W.2d 452, 455 (Tex. Civ. App.—Texarkana 1969, writ ref'd n.r.e.) ("The surviving husband, or wife, has the right, as a matter of law to sell the community property of an estate, including the homestead, to pay community debts that were created during the lifetime of the other spouse who has passed away."). It is immaterial whether the surviving spouse conveyed the property in his own name or as a survivor. *Horton*, 610 S.W.2d at 824; *Wilson v. Meredith, Clegg & Hunt*, 268 S.W.2d 511, 517 (Tex. Civ. App.—Beaumont 1954, writ ref'd n.r.e.).

In *Ellebracht*, while Margaret and Walter Ellebracht were married, Walter's mother conveyed the western one-half of her ranch to Walter. 735 S.W.2d at 658. The deed listed Walter as the grantee and recited consideration of "'$10.00 … and the further sum of Thirty Thousand and no/100 dollars ($30,000.00) in the assumption and promise to pay' the balance owing on a debt secured by the property." *Id*. The fact that Margaret and Walter assumed and paid the $30,000 note was not contested. *Id*. at 659. The trial court concluded the property conveyed to Walter became community property, and Walter appealed. *Id*.

The Austin court first noted a conveyance from a parent to a child gives rise to a presumption of a gift. *Id*. The court further noted, however, that "exchange of consideration precludes a gift." *Id*. Finally, the court distinguished a decision from a sister court which held a

conveyance from parents to their son was a gift despite the fact that the son paid an $1800 loan on the property. *Id*. (distinguishing *Kiel v. Brinkman*, 668 S.W.2d 926 (Tex. App.—Houston [14th Dist.] 1984, no writ)). The court asserted the son in *Kiel* "did not extinguish the parents' debt under an obligation to do so," and "[t]here was no showing that the conveyance was made *in exchange for* the payment of the debt." *Id*. (emphasis in original). The court concluded the conveyance to Walter was a sale noting, "Unlike *Kiel*, the deed to [Walter] recited that the grantee *assumed* and *agreed to pay* the $30,000 note *as consideration for* the transfer." *Id*. (emphasis in original).

In this case, the deed from Martha to Oliverio and Maria Luisa similarly recited that they agreed to pay the outstanding balance of the FHA loan as consideration for the conveyance. Furthermore, the evidence conclusively established Oliverio and Maria Luisa paid the balance owing on the FHA loan the same day Martha signed the deed. Although the deed also recited "love and affection" which might otherwise give rise to a presumption of a gift, the recitation of the additional consideration rebutted that presumption. Furthermore, because the FHA loan was a community debt, Martha had the legal right to convey the entire community interest in the Property to pay that debt. *See Burnham*, 195 S.W. at 1143; *Horton*, 610 S.W.2d at 824; *Burns*, 439 S.W.2d at 455.

In their brief, the appellants contend Martha only had the authority to convey the community interest to an innocent purchaser. Since Oliverio and Maria Luisa had notice of the community interest in the Property, the appellants assert they could not acquire title to the property from a community survivor contrary to the interests of the other heirs. In support of this contention, the appellants cite *Burnham*; however, the appellants misconstrue the holding in that case. In *Burnham*, the Texas Supreme Court first explained that a surviving spouse has the legal authority to sell community property to satisfy a community obligation. 195 S.W. at 1143. The

court then explained that if a deed to community property is in the name of the surviving spouse and that surviving spouse sells the property without legal authority, an innocent purchaser who purchases the property in good faith without notice of the property's community character will acquire title to the property against the heirs. *Id.* The court emphasized the innocent purchaser does not acquire title based on the surviving spouse's authority to sell but based on the doctrine of equity "which refuses to visit [the] loss" upon the innocent purchaser because the heirs could have taken steps to ensure the surviving spouse did not retain title to the property exclusively in his name. *Id.* When a surviving spouse sells the community property to satisfy a community obligation, however, the purchaser is not required to be without notice because the surviving spouse has the legal authority to sell the community property under those circumstances. *See id.* In this case, those circumstances are present because Martha had the legal authority to convey the community property to Oliverio and Maria Luisa to satisfy a community obligation; therefore, Oliverio and Maria Luisa were not required to be without notice of the community character of the Property.

The appellants also contend Oliverio and Maria Luisa were precluded from acquiring title to the property because they were cotenants with the appellants. The only case the appellants cite in support of this contention is *Cecil v. Dollar*, 218 S.W.2d 448 (Tex. 1949). That case, however, is readily distinguishable from the instant case. In *Cecil*, a cotenant failed to pay a mortgage he had assumed on the property he jointly owned with another person, allowed the property to be foreclosed upon, and purchased the property at foreclosure with the intent to acquire the other person's interest in the property. 218 S.W.2d at 449-50. The court held equity did not permit the cotenant to acquire title in that manner; however, the court asserted the rule stated in the case was "applicable to a purchase at a foreclosure sale, or trustee's sale under a deed of trust." *Id.* at 450.

Because Oliverio and Maria Luisa did not acquire the deed from Martha under such a sale, the rule stated in *Cecil* is not applicable to the instant case.

## ESTOPPEL

In their final issue, the appellants assert Oliverio and Maria Luisa should be estopped from asserting title based on letters their attorney sent and division orders they signed which recognized the thirteen siblings inherited Gregorio's community property interest. Although division orders amount to an estoppel in favor of the oil companies who lease the land, "no estoppel would arise therefrom in favor of the parties to the division orders between or among themselves." *Willis v. Snodgrass*, 302 S.W.2d 706, 713 (Tex. Civ. App.—Texarkana 1957, writ ref'd n.r.e.); *see also Exxon Corp. v. Middleton*, 613 S.W.2d 240, 250 (Tex. 1981) (noting division orders are binding only for the time and to the extent they have been acted on and made the basis of payments and cease to be binding when revoked) (citing *Phillips Petroleum Co. v. Williams*, 158 F.2d 723 (5th Cir. 1946)). Similarly, estoppel cannot create a contract right that does not otherwise exist. *Sun Oil Co. (Del.) v. Madeley*, 626 S.W.2d 726, 734 (Tex. 1981). Therefore, the appellants cannot rely on an estoppel theory to give them title to the community property interest Martha conveyed to Oliverio and Maria Luisa by the community survivor deed. *See id.* ("The damages recoverable by a party claiming estoppel are not measured by the profits that such party's reliance led him to expect, but instead are limited to the amount necessary to compensate that party for a loss already sustained.").

## CONCLUSION

The judgment of the trial court is affirmed.

Marialyn Barnard, Justice